UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON A. CROWE,<br><br>       Plaintiff,<br><br>vs.<br><br>MCCARTHY 7 HOLTHUS, LLP (QUALITY LOAN SERVICE CORP.), et al,<br><br>       Defendant. | Case No. 3:23-cv-00613-RCJ-CLB<br><br>ORDER |

Pending before the Court are Defendants' Motion to Dismiss, (Dkt. 14), and Plaintiff's Motions to Extend Time to Amend Complaint, (Dkt. 17), and for Immediate Emergency Temporary Restraining Order, (Dkt. 18). For the following reasons, the Court denies Plaintiff's motions, grants Defendants' motion, and dismisses the case without prejudice.

I. **Factual Background**

In December 2023, Plaintiff, Jason Crowe,[1] filed a complaint against Defendants claiming Breach of Trust, Violation of Fiduciary Duty, Fraudulent Misrepresentation, and Tax Law

---

[1] Crowe is acting pro se in this matter, and the Court has "an obligation to give a liberal construction to the filings of pro se litigants" in this circuit. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). But although "[c]ourts broadly construe pleadings filed by pro se litigants," the Court recognizes that "even pro se litigants must comply with the Federal Rules of Civil Procedure." *Bailey v. Suey*, 2014 WL 5342573, at *1 (D. Nev. Oct. 20, 2014), *aff'd*, 669 F. App'x 472 (9th Cir. 2016). A plaintiff's "*pro se* status, alone, is not a justifiable excuse for [a] defect[.]" *Graham v. United States*, 79 F. App'x 992, 994 (9th Cir. 2003).

1  Violations, and attempting to seek a temporary injunction against Defendants.  (Dkt. 1).  Crowe
2  alleges that "Defendants have threatened to foreclose" on his property, which he argues they have
3  no right to do because Defendants "have no basis to assert entitlement to enforce a canceled debt
4  and procure foreclosure, let alone issue a demand for payoff."  (*Id.* at 1–2).

5       After Defendants filed a motion to dismiss Crowe's complaint pursuant to Rule 12(b)(6),
6  (Dkt. 14), Crowe filed a motion asking the Court for permission for extend time to amend his
7  complaint, (Dkt. 17).  At the same time, Crowe filed a motion requesting immediate injunction
8  and explained that he has "been working hard" on the amended complaint, which is still "being
9  completed[.]"  (Dkt. 18 at 1).

10  **II.  Motion to Amend**

11       Rule 15 allows parties to amend a pleading as a matter of course either "21 days after
12  serving it," or "21 days after service of a motion under Rule 12(b)[.]"  Fed. R. Civ. P. 15(a)(1).  In
13  this case, more than 21 days have passed since the pleading was served to Defendants.  (*See* Dkt.
14  10).  Additionally, despite having filed his motion for extension of time within the 21 after
15  Defendants' 12(b)(6) motion was filed, the 21 days for amendment as a matter of right in that
16  instance have now elapsed without the filing of an amended complaint.  Plaintiff's opportunity to
17  amend as of right has expired, and the Court declines to grant a further extension at this time.

18  **III.  Motion to Dismiss**

19       Defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges
20  whether the Crowe's complaint states "a claim upon which relief can be granted."  Defendants
21  argue that Crowe's complaint is "a cobbled together mishmash of legal theories" that "fails to state
22  a viable claim under theory."  (Dkt. 20 at 2).  They characterize the complaint as one that "recites
23  bare legal conclusions with no suggestion of       supporting facts, or postulating events," and
24

which "merely states circumstances of a wholly fanciful kind." (Dkt. 14 at 5). Crowe failed to file a response in opposition to the motion.[2]

In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 641 (9th Cir. 2015).

Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Landers*, 771 F.3d at 642. In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555; *Landers*, 771 F.3d at 641. "[T]he

---

[2] Per this Court's Local Rules, "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d).

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Thus, this Court considers the conclusory statements in a complaint pursuant to their factual context. To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.* at 567.

This is precisely such a case. Throughout his complaint, Crowe improperly asserts that he is entitled to relief based on legal conclusions couched as factual allegations. And the conclusory allegations in Crowe's complaint, even if taken as true, do not show any basis on which Crowe is entitled to relief. In light of the agreements between the Parties which governs Defendants alleged wrongdoing,[3] the claims Crowe brings are certainly not plausible on their face. (*See* Dkt. 20 at 5–12). For this reason, the Court will dismiss Crowe's complaint without prejudice.

---

[3] Defendants have asked the Court to take judicial notice of certain documents, including the Deed of Trust at issue in this case. (Dkt. 20 at 4–5); (Dkt. 21). "When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a district court may not typically consider evidence outside the pleading," however, "documents that are 'incorporated by reference' in the complaint or facts for which judicial notice are taken may be considered without conversion into a Rule 56 motion." *F.T.C. v. Amazon.com, Inc.*, 71 F. Supp. 3d 1158, 1161 (W.D. Wash. 2014). The documents submitted by Defendants, whose inclusion Crowe has not challenged, are incorporated by reference and will be considered by the Court.

### IV. Motion for Temporary Restraining Order

In an attempt to "correct his mistakes" as to his request for an immediate temporary restraining order in the complaint, Crowe filed a motion for emergency relief explaining that he "is now very concerned due to Defendants' seeming unwillingness to follow the laws of the State, that Defendants will continue to move forward with the unlawful trustee's sale (currently scheduled for April 5th 2024) unless this honorable court prevents it." (Dkt. 18 at 3–4). Plaintiff's motion, and the attached exhibits, offer little explanation for his allegations and no legal authority supporting his belief that he is likely to succeed on the merits. (*See id.* at 3–4); (Dkt. 18-1). In response, Defendants argue that Crowe's motion for preliminary injunction "is unwarranted under Nevada law." (Dkt. 20 at 2). The Court agrees with Defendants.

"[F]ederal courts exercising diversity jurisdiction must follow state substantive law and federal procedural law when adjudicating state law claims."[4] *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 (9th Cir. 2020). "To carry out the thorny task of identifying whether a law is substantive or procedural, we generally use an 'outcome-determination test,' which asks whether applying federal law instead of state law would 'significantly affect' the litigation's outcome." *Id.* (citation omitted). "When determining the law that should apply to decide the availability of temporary injunctive relief in a diversity action," this process "can be a little tricky." *Jain v. Unilodgers, Inc.*, 2024 WL 478030, at *2 (N.D. Cal. Feb. 7, 2024). The issue is that while "preliminary injunctive relief is not available in federal court if state law rejects the availability of

---

[4] "In a diversity case, a federal court must apply the choice of law rules of the state in which the action was filed." *Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 645 (9th Cir. 1988). Presumably, as no party has disputed the question, Nevada law governs in this case because the property at issue is located in Nevada, (Dkt. 14 at 2), and the relevant Deed of Trust is recorded in the State of Nevada, (Dkt. 21 at 5–18).

that remedy," it is also true that the mere fact that "state law authorizes an injunction doesn't mean a federal court sitting in diversity can issue one." *Id.* Accordingly, "a TRO may be issued in a diversity case only if applicable state law would permit it and an injunction would conform to traditional principles governing equitable remedies in federal courts." *Id.*

Under Nevada law, "[a] preliminary injunction may be issued to preserve the status quo if the party seeking it shows: (1) that the party enjoys a reasonable 'likelihood of success' on the merits; and (2) the party will be subjected to 'irreparable harm.'" *Pickett v. Comanche Const., Inc.*, 108 Nev. 422, 426 (1992). "In considering preliminary injunctions, courts also weigh the potential hardships to the relative parties and others, and the public interest." *Univ. & Cmty. Coll. Sys. of Nevada v. Nevadans for Sound Gov't*, 120 Nev. 712, 721 (2004). The considerations for a preliminary injunction are functionally the same under federal law, which requires the movant to establish: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction. *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014), *as amended* (Mar. 11, 2014).

In this case, Nevada law rejects the availability of a preliminary injunction, but even if it did not, an injunction is similarly not available under federal law. While the threat of unlawful foreclosure is certainly one of irreparable harm, Crowe has failed entirely to establish that he has a reasonably probability of success on the merits of his claim that the pending foreclosure would be unlawful. As the Court has discussed, all of Crowe's claims are frivolous, and his allegation that the forthcoming foreclosure would be legally improper is completely conclusory and

unfounded. It is also contrary to the evidence available in this case. Accordingly, Crowe is not entitled to a preliminary injunction from this Court.[5]

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motions to Extend Time to Amend Complaint, (Dkt. 17), is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Immediate Emergency Temporary Restraining Order, (Dkt. 18), is **DENIED**.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss, (Dkt. 14), is **GRANTED**. The Complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** to refiling. The Clerk of the Court is **INSTRUCTED** to **CLOSE** the case.

IT IS SO ORDERED.

Dated March 30, 2024.

_____
ROBERT C. JONES
United States District Judge

---

[5] It is worth pointing out that a difficult result may be possible in bankruptcy court. Should Crowe file a bankruptcy petition, he would be entitled to an automatic stay. *In re Mwangi*, 764 F.3d 1168, 1173 (9th Cir. 2014) ("By filing a bankruptcy petition, the debtor immediately obtains the protection of an automatic stay."); U.S.C. § 362(a).