UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON A. CROWE,<br><br>    Plaintiff,<br><br>vs.<br><br>MCCARTHY 7 HOLTHUS, LLP (QUALITY LOAN SERVICE CORP.), et al,<br><br>    Defendant. | Case No. 3:23-cv-00613-RCJ-CLB<br><br>ORDER |

Pending before the Court is Plaintiff's First Amended Complaint, (Dkt. 24). For the following reasons, the Court dismisses the amended complaint with prejudice.

**I.    Background**

In December 2023, Plaintiff, Jason Crowe,[1] filed a complaint against Defendants claiming Breach of Trust, Violation of Fiduciary Duty, Fraudulent Misrepresentation, and Tax Law

---

[1] Crowe is acting pro se in this matter, and the Court has "an obligation to give a liberal construction to the filings of pro se litigants" in this circuit. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). But although "[c]ourts broadly construe pleadings filed by pro se litigants," the Court recognizes that "even pro se litigants must comply with the Federal Rules of Civil Procedure." *Bailey v. Suey*, 2014 WL 5342573, at *1 (D. Nev. Oct. 20, 2014), *aff'd*, 669 F. App'x 472 (9th Cir. 2016). A plaintiff's "*pro se* status, alone, is not a justifiable excuse for [a] defect[.]" *Graham v. United States*, 79 F. App'x 992, 994 (9th Cir. 2003).

Violations, and attempting to seek a temporary injunction against Defendants. (Dkt. 1). Crowe alleges that "Defendants have threatened to foreclose" on his property, which he argues they have no right to do because Defendants "have no basis to assert entitlement to enforce a canceled debt and procure foreclosure, let alone issue a demand for payoff." (*Id.* at 1–2).

After Defendants filed a motion to dismiss Crowe's complaint pursuant to Rule 12(b)(6), (Dkt. 14), Crowe filed a motion asking the Court for permission for extend time to amend his complaint, (Dkt. 17). At the same time, Crowe filed a motion requesting immediate injunction and explained that he has "been working hard" on the amended complaint, which is still "being completed[.]" (Dkt. 18 at 1). The Court denied the emergency injunction and dismissed Crowe's original Complaint, (Dkt. 1), which closed the case. Soon after, Defendants filed a Notice of Bankruptcy, (Dkt. 27), informing the Court that Crowe has filed for Chapter 13 bankruptcy protection regarding the property at issue in this case.[2] Despite the pending case in bankruptcy court, Crowe filed an amended complaint[3] after this case was closed and without a motion to reopen the case.

II.     **Legal Standard**

A.     **Amendment Without Leave of the Court**

Once a case has been closed, plaintiffs seeking to file an amended complaint must first file a motion to reopen the case in which the movant "establishes grounds" for why relief should be granted. *di Genova-Chang v. Ducey*, 2021 WL 1376082, at *2 (D. Ariz. Apr. 12, 2021); *Hall v.*

---

[2]     Pending in the Nevada Bankruptcy Court, Crowe's case in No. 24-50326.
[3]     The Amended Complaint, (Dkt. 24), attempted to add three new Defendants not previously named in the original Complaint, (Dkt. 1).

*United States Army/Dep't of Def.*, 2018 WL 2011904, at *3 (D. Haw. Apr. 30, 2018).  Under Rule 60, "the court has the power to reopen" a closed case and can use its discretion to grant parties relief from the order closing the case.  *Hardin v. Rodriguez*, 2021 WL 2913521, at *1 (E.D. Cal. July 12, 2021); *Willard v. Waddle*, 2020 WL 1546402, at *1 (E.D. Cal. Apr. 1, 2020), *report and recommendation adopted*, 2020 WL 2319857 (E.D. Cal. May 11, 2020); Fed. R. Civ. P. 60(b).  In some circumstances, the "interest[s] of judicial economy" favor granting such a motion and "constru[ing] [the] filing as a late amended complaint in [the] original case," rather than requiring the plaintiff to open a new case.  *Capous v. United States Internal Revenue Serv.*, 2013 WL 6488270, at *1 (N.D. Cal. Oct. 17, 2013).

Even under those circumstances, the Federal Rules limit the time in which plaintiffs may amend their complaint as of right.  *See* Fed. R. Civ. P. 15(a)(1) (allowing parties to amend their pleadings "once as a matter of course" within 21 days after serving the pleading or service of responsive pleading or certain motions under Rule 12).  After the time has lapsed to amend a pleading one time as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  An amended complaint filed in noncompliance with these requirements "has no legal effect."  *Ritzer v. Gerovicap Pharm. Corp.*, 162 F.R.D. 642, 644 (D. Nev. 1995); *Wilkins v. Macomber*, 2022 WL 18027822, at *2 (E.D. Cal. Dec. 30, 2022).  Such improper pleadings can be "stricken as improperly filed."  *Wilkins*, 2022 WL 18027822, at *2; *Birrell v. Ditomas*, 2024 WL 382553, at *1 (E.D. Cal. Feb. 1, 2024).  Or the court may consider such pleadings "as properly introduced if the Court would have granted leave to amend the pleading had it been sought."  *Ritzer*, 162 F.R.D. at 644.

**B.     Sua Sponte Dismissal**

Courts are empowered to dismiss complaints sua sponte. *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023). When a complaint fails to state as claim as required by Rule 12(b)(6), sua sponte dismissal is appropriate and "may be made without notice where the claimant cannot possibly win relief."[4] *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Similarly, when a plaintiff's claims are "'obviously frivolous,'" the complaint "may be dismissed sua sponte before service of process." *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984), *abrogated by Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). This is the case because "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit[.]" *Hagans*, 415 U.S. at 536 (internal quotation marks and citation omitted).

Lastly, "[t]he court may also sua sponte dismiss a complaint for failure to comply with [Rule] 8." *Long v. JP Morgan Chase Bank, Nat. Ass'n*, 848 F. Supp. 2d 1166, 1173 (D. Haw. 2012); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)."). Rule 8's pleading standards are not satisfied when a complaint, and the allegations contains therein, "is so verbose, confused and redundant that its true substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming the district court's dismissal of

---

[4]     This is true even for complaints filed pro se. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) ("We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (citation omitted)).

complaint); *Agnew v. Moody*, 330 F.2d 868 (9th Cir. 1964) (holding that "the district court was entirely justified in holding that the complaint did not comply with Rule 8(a)"). The Ninth Circuit has affirmed dismissal under Rule 8 where the complaint "is argumentative, prolix, replete with redundancy, and largely irrelevant … consist[ing] largely of immaterial background information." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

"The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). On the contrary, the requirements of Rule 8 "appl[y] to good claims as well as bad, and [are] a basis for dismissal independent of Rule 12(b)(6)." *Id.* Even if a claim could be meritorious, those that "set out more factual detail than necessary" such that the complaint is "replete with redundancy" and "confusing and conclusory" risk dismissal with prejudice when no less drastic alternative is available. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131–33 (9th Cir. 2008) (vacating the district court's dismissal where the complaint "contain[ed] excessive detail" but was "logically organized, … intelligible and clearly delineate the claims and the Defendants against whom the claims are made").

### III.   Discussion

There are numerous reasons why the Amended Complaint filed in this case is without merit. First, the Court's Order, (Dkt. 22), granting dismissal and denying leave to amend, closed the case, and Crowe has not filed any motion seeking to reopen the case. Even if Crowe had filed a motion to reopen seeking Rule 60(b) relief from the Court's Order, he would also need to request the Court's leave in order to file an amended complaint (or have the Defendants' written consent)

as the Rule 15(a)(1) clock has already run out on his original complaint. So not only is Crowe's amended pleading irrelevant in the closed case, but it is also without legal effect under Rule 15.

Even so, the Court will consider the substance of Crowe's Amended Complaint. In addition to adding new Defendants, Crowe's Amended Complaint adds eight new claims, bringing the total number of claims against Defendants to twelve. (Dkt. 24 at 17–21). After recounting lengthy and confused factual allegations, (*id.* at 2–8), Crowe makes several conclusory allegations against presumably all of the Defendants with little, if any, substance. (*Id.* at 11–16). The Court previously dismissed Crowe's original Complaint due to similar issues, finding that the pleading asserted "legal conclusions couched as factual allegations," and that the "allegations … even if taken as true, do not show any basis on which Crowe is entitled to relief." (Dkt. 22 at 4). The same is true here. Crowe has failed to sufficiently state a claim on which relief can be granted, and dismissal under 12(b)(6) is appropriate.

Moreover, the Court finds it proper to dismiss the Amended Complaint for failure to comply with Rule 8 because Crowe's allegations are "so verbose, confused and redundant that its true substance, if any, is well disguised." *Corcoran*, 347 F.2d at 223. In a similar case, the Ninth Circuit affirmed dismissal of an amended complaint for failure to comply with Rule 8. *Nevijel*, 651 F.2d at 674. In that case, the plaintiff's original complaint was "verbose, confusing and almost entirely conclusory," so the court ordered him to file an amended complaint within ten days. *Id.* at 673. Without requesting additional time to file the amended complaint, the new pleading was filed after the ten-day window and "was 23 pages long with 24 pages of addenda, named additional defendants without leave of court, and was equally as verbose, confusing and conclusory as the initial complaint." *Id.* at 673–74.

After the court dismissed the amended complaint, the plaintiff moved to alter and amend the court's judgment and sought permission to file a second amended complaint. *Id.* at 673. The court denied these requests and dismissed the case with prejudice for failure to comply with Rule 8. *Id.* at 674. On appeal, the Ninth Circuit affirmed the district court's dismissal, holding that "the district court made such reasonable opportunities and alternatives available to appellant that dismissal was not an abuse of discretion." *Id.* The same is true in this case. Crowe missed the opportunity to amend his pleadings—an opportunity which he knew about but decided to forgo, (Dkt. 18 at 1). Additionally, the Court allowed Crowe to refile an improper TRO in this case, which was denied. (Dkt. 22 at 5–7). Finally, Crowe's Amended Complaint fails to cure the pleading deficiencies found in his original Complaint, disguising any "true substance" it may have. *Gillibeau*, 417 F.2d at 431. These considerations, as well as Crowe's failure to comply with the Court's Order denying leave to amend, (Dkt. 22), have "left the court no choice" but dismiss the Amended Complaint with prejudice. *See Agnew*, 330 F.2d at 871.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's First Amended Complaint, (Dkt. 24), is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Dated April 24, 2024

_____
ROBERT C. JONES
United States District Judge